No. 10,683.

HOME INSURANCE COMPANY OF NEW YORK *v.* GAINES.

Decided July 1, 1923.   Rehearing denied October 1, 1923.

Action on fire insurance policy.  Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.   INSURANCE—*Policy—Agency.*  An insurance policy proven beyond
doubt to mis-state the intent of the parties, may be reformed
and enforced, and the knowledge of the agent is the knowledge
of the company.

2.        *Laches—Failure to Examine Policy.*  Failure to examine an
insurance policy, in which the insured property was inaccurately
described, until after a fire occurred and some months after its
delivery, held under the circumstances of this case not to con-
stitute laches, nor prohibit a recovery.

*Error to the District Court of Bent County, Hon. A. F.
Hollenbeck, Judge.*

Mr. SYLVESTER G. WILLIAMS, for plaintiff in error.

Mr. H. L. LUBERS, for defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

THIS is a companion case to No. 10682 (same title, this
day decided) and the statement of facts therein should be
read in connection herewith.   The two cases were tried
together below, and came here on the same bill of excep-
tions.   The parties are herein referred to as below.

Defendant's policy here in question was directed by plain-
tiff to be written on the property known as numbers 611
and 615 Carson avenue, which was on lot 3.   By an error
of the company's agent the property was described as being
situate on lots 4 and 4½.   This action was brought to re-
form the contract and recover thereunder, as reformed,

for the loss sustained on lot 3, and such was the judgment. The trial court found the error, and the evidence thereof is overwhelming and conclusive. It is elementary that knowledge of the agent is knowledge of the company, and that an insurance policy, proven beyond doubt to mis-state the intent of the parties, may be reformed and enforced. *Merchants' Ins. Co. v. Harris,* 51 Colo. 95, 116 Pac. 143.

It is, however, contended that plaintiff's right to reformation has been lost by his own negligence. The policy in question was ordered written on the property described in one of a different company, which was about to expire. The old policy, containing the correct description, was handed defendant's agent as a guide. The new one was written under date of March 26, 1920, with the erroneous description, and both were shortly thereafter returned to plaintiff. He never read his new policy until after the fire, which occurred January 2, 1921. He thereupon discovered the error, and immediately called it to the attention of the agent. It is this neglect to read the policy and the delay of approximately nine months which constitute the laches it is now alleged prohibits recovery. We think there is no merit in the contention. It seems to us completely disposed of in the exhaustive and well reasoned opinion of Mr. Justice Bailey in *Merchants Ins. Co. v. Harris, supra.*

Other questions raised require no examination. The judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE ALLEN concur.